UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HICKS,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.
_____/

Civil Action No.
09-CV-11920

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner James Hicks, confined at the Michigan Reformatory in Ionia, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for armed robbery, Mich. Comp. Laws § 750.529; carjacking, Mich. Comp. Laws § 750.529a; felonious assault, Mich. Comp. Laws § 750.82; and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. For the reasons stated below, the court shall deny the petition.

### I. Background

Petitioner pled guilty to the above charges in the Wayne County Circuit Court. In exchange for his plea, the prosecutor dismissed one count of assault with intent to murder and one count of felonious assault. The parties also entered into a sentencing agreement that petitioner would serve 10 to 20 years on the armed robbery and carjacking convictions, and 32 to 48 months on the felonious assault conviction, and that he would receive a mandatory consecutive two-year sentence on the felony-firearm conviction. The prosecutor agreed not to recommend that the sentences on the armed robbery and carjacking charges be served consecutively. Petitioner was advised of the maximum penalties for the charges to which he was pleading guilty, and of the rights

that he would be relinquishing by pleading guilty. Petitioner stated that he understood these charges and the possible penalties and that there had been no threats and no promises, other than those placed on the record, to induce his plea. (Tr., 11/20/2006, pp. 4-8.) On December 6, 2006, petitioner was sentenced to concurrent terms of 10 to 20 years on the armed robbery and carjacking convictions, and 32 to 48 months on the felonious assault conviction. He also received a consecutive two-year sentence on the felony-firearm conviction.

Petitioner subsequently moved to withdraw his plea and for resentencing. Petitioner argued that his plea was unknowing and involuntary because the prosecutor had made statements at a pretrial conference on November 7, 2006, indicating he agreed to a sentence that was 39 months below the guidelines. The motion for resentencing also challenged the scoring of his guideline range.

At a pretrial conference conducted on November 7, 2006, the prosecutor made a plea bargain offer that was similar to the one that was ultimately accepted by petitioner, but with a sentence agreement of 11 to 20 years on the armed robbery and carjacking charges. The prosecutor indicated that this sentence agreement was 39 months below the sentencing guidelines range of 171-285 months, as calculated by the prosecutor. Defense counsel had previously informed the trial court that the probation department had tentatively scored the sentencing guidelines at 135-185 months. Defense counsel asked the trial judge if she would be willing to consider imposing a sentence that was below the sentencing guideline range. After hearing argument on the matter, the trial judge indicated that she would be unwilling to do so. At that time, petitioner did not plead guilty. (Tr. 11/7/2006, pp. 3-8.) Instead, petitioner pled guilty on November 20, 2006, as per the plea agreement that was outlined at the time of the plea hearing.

The trial court denied the motion to withdraw the guilty plea and the motion for resentencing on September 7, 2007. Petitioner's conviction was affirmed on appeal. *See People v. Hicks,* No. 282508 (Mich. Ct. App. Feb. 5, 2008); *lv. den.* 482 Mich. 894 (2008).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) that the trial court erred when it denied the motion to withdraw the plea, and (2) that the trial court erred when it denied the motion for resentencing/specific performance of the plea agreement.

## II.  Standard of Review

Title 28, section 2254(d), of the United States Code states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When a state court fails to adjudicate a habeas petitioner's claim on the merits, federal habeas review is not subject to the deferential standard contained in § 2254(d) and a federal court is required to review that claim *de novo. See Cone v. Bell,* 129 S. Ct. 1769, 1784 (2009); *McKenzie v. Smith,* 326 F.3d 721, 726 (6th Cir. 2003). The Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's applications for leave to appeal by form order. Under these circumstances, "there are simply no results, let alone reasoning, to which this court can defer. Without such results or reasoning, any attempt to determine whether the state court decision 'was contrary to, or involved an unreasonable application of clearly established Federal law,' 28 U.S.C. § 2254(d)(1), would be

3

futile." *McKenzie,* 326 F. 3d at 727.

### III.  Discussion

#### A.  The Guilty Plea Claim

In his first claim, petitioner contends that the trial court should have permitted him to withdraw his guilty plea because it was not knowingly and intelligently made. Petitioner claims that the plea was involuntary because he was led to believe by remarks made by the prosecutor at the pretrial conference on November 7, 2006, that his minimum sentences on the armed robbery and carjacking convictions would be 39 months below the sentencing guidelines. Petitioner argues that he is entitled to withdraw his plea or to be resentenced to a minimum sentence that would be 39 months below the sentencing guidelines range, as scored by petitioner.

The legal standards governing this claim were articulated as follows in *Thirkield v. Pitcher,* 199 F. Supp.2d 637, 651-52 (E.D. Mich. 2002):

> A plea of guilty must be knowingly and voluntarily made. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969). The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Inst.*, 927 F.2d 256, 257 (6th Cir.1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton,* 17 F.3d 151, 154 (6th Cir.1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir.1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*
>
> It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). A guilty plea "entered by one fully aware of the

4

>direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes)." *Id.* at 509, 104 S.Ct. at 2547 (*quoting Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)). Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Cunningham v. Diesslin,* 92 F.3d 1054, 1060 (10th Cir.1996).

In the present case, the evidence establishes that petitioner pled guilty to the above charges freely and voluntarily. He was advised of the maximum penalties for the charges and the rights that he would be waiving by pleading guilty. He was also advised of the terms of the plea and sentencing agreement and acknowledged that these were the complete terms of the agreement. In response to the trial court's questions, petitioner denied that any other promises had been made to induce him to plead guilty.

Petitioner claims that he was led to believe from comments made by the prosecutor at the November 7, 2006, pretrial conference that his minimum sentence would be 39 months below the guidelines. Because petitioner believes that his sentencing guidelines should have been scored at 108-180 months, he claims he believed that his sentence would be 39 months below this range.

As the court noted in *Myers v. Straub,* 159 F. Supp.2d 621, 627 (E.D. Mich. 2001),

>[a]n unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir.2000); *cert. den*. 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Id*. at 406.

The alleged sentencing agreement that petitioner would be sentenced to 39 months

below the sentencing guidelines range is not part of the record. Absent extraordinary circumstances, or a clear explanation as to why defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, provided that the trial court "has scrupulously followed the required procedure" for taking the plea. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). "To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards." *Id.* "[A] term that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo,* 365 F.3d 487, 497 (6th Cir. 2004).

In the present case, the only agreement made by the prosecutor at the time of the plea hearing was that one count of assault with intent to murder and one count of felonious assault would be dismissed. As noted above, the prosecutor and petitioner agreed that petitioner would be sentenced to 10 to 20 years imprisonment on the armed robbery and carjacking convictions, and 32 to 48 months imprisonment on the felonious assault conviction, and that he would receive a consecutive two-year prison sentence on the felony-firearm conviction. The prosecutor also agreed not to seek consecutive sentences on the armed robbery and carjacking charges. The transcript reveals no promise by the prosecutor or the trial court that petitioner would receive a sentence that was 39 months below the sentencing guidelines range of 108-180 months, as calculated by petitioner. Petitioner has therefore failed to show that the terms of the plea agreement were breached by the prosecutor. Moreover, petitioner expressly denied the existence of any off-the-record promises at the time of his plea, when questioned by the trial court. Because it is clear from the record that no promises were made that have not been kept, or that the plea agreement was breached, petitioner is not entitled to habeas corpus relief.

Moreover, there is no clearly established federal law requiring a state court judge to clear up any ambiguities which involve "mere statements made in the colloquy at pretrial hearings." *Wright v. Lafler*, 247 Fed.Appx. 701, 706 (6th Cir. 2007). The prosecutor's comments about the proposed sentence agreement of 11 to 20 years being 39 months below the sentencing guideline range of 171-285 months was made during a colloquy which took place at a pretrial hearing, not at the hearing where petitioner's guilty was taken. In any event, the prosecutor's comments at the hearing do not indicate that he was agreeing to a minimum sentence that was 39 months below the sentencing guidelines as ultimately scored by petitioner or even the probation department, but only that the proposed offer was 39 months below the sentencing guidelines range of 171-285 months as scored by the prosecutor. The prosecutor said nothing at the pretrial conference that reasonably could have led petitioner to believe that he would receive a sentence that was 39 months below a sentencing guideline range of 108-180 months.

### B.  The Sentencing Claim

Petitioner next claims that the trial court improperly scored his sentencing guidelines range by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or conceded by petitioner himself.

It is well established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guideline range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is essentially a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern

only"). "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp.2d 474, 485 (E.D. Mich. 2004). Habeas relief is not available to correct mere errors in sentencing guideline scoring.

Petitioner, however, also contends that the trial court violated his Sixth Amendment rights by using factors, in fashioning the sentence, which should have been decided by a jury. In support of his claim, petitioner relies on *Blakely v. Washington,* 542 U.S. 296, 301 (2004), in which the Supreme Court held that, other than a defendant's prior convictions, any fact that increases a criminal penalty beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *See id.* at 301. *See also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Petitioner's reliance on *Blakely* is misplaced because *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan,* 475 Mich. 140, 160-61 (2006), and *People v. Claypool,* 470 Mich. 715, 730, n.14 (2004) (both citing Mich. Comp. Laws § 769.8). Therefore, "'the Michigan system is unaffected by the holding in *Blakely* that was designed to protect the defendant from a higher sentence based on facts not found by the jury in violation of the Sixth Amendment.'" *Drohan*, 475 Mich. at 164, *quoting Claypool*, 470 Mich. at 730 n.14. *See also Harris v. United States*, 536 U.S. 545, 565 (2002) ("[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt" and the judge "may impose the minimum, the maximum, or

8

any other sentence within the range without seeking further authorization from those [grand and petit] juries-and without contradicting *Apprendi*.").

## IV. Conclusion

For the reasons stated above, the court shall deny the petition in this matter for a writ of habeas corpus. The court will also deny a certificate of appealability. "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district courts assessment of the constitutional claims debatable or wrong." *Id.* at 484

For the reasons stated above, the court concludes that petitioner has failed to make a substantial showing of the denial of a federal constitutional right. Accordingly, no certificate of appealability may be issued. For the same reason, the court shall deny petitioner leave to proceed on appeal *in forma pauperis*.'

## V. <u>Order</u>

For the reasons stated above,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma pauperis*.

S/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: January 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2010, by electronic and/or ordinary mail.

S/Felicia Moses for Carol Mullins
Case Manager